IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE NICHOLS, | ) | CASE NO. 1:11CV1950 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| BRIAN COOK, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. No. 8 |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Eugene Nichols ("Nichols") pursuant to 28 U.S.C. § 2254. Doc. No. 8. Nichols opposes respndent's motion. Doc. No. 9. Nichols is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State vs. Nichols*, Case No. CR 486387 (Cuyahoga County 2006). For the reasons given below, respondent's motion to dismiss the petition as untimely should be GRANTED.

I

The September 2006 term of the Cuyahoga County grand jury indicted Nichols on one count of public indecency, two counts of voyeurism, one count of aggravated

burglary, and one count of attempted rape of a minor. Nichols eventually agreed to plead guilty to all the counts of the indictment.

At Nichols's plea hearing on October 24, 2006, the court determined that Nichols understood the nature of the proceeding, had not been threatened or been given improper promises, was not under the influence of any substance that would affect his judgment, and was satisfied with his attorney. The court also explained the trial rights that Nichols would be relinquishing by pleading guilty and the potential sentences for each of the counts of the indictment. However, in describing the potential sentences for attempted rape, the court mistakenly told Nichols that the potential sentence was two to eight years' imprisonment. The court also informed Nichols that the sentences for aggravated burglary and attempted rape could be imposed consecutively, that fines could be imposed, and that Nichols would be subject to community control upon release. The court told Nichols that there was no guarantee as to what sentence the court would impose. Nichols said that he understood what the court had told him. The court, therefore, found that Nichols had been informed of his rights, that he understood the nature of the charges and the potential results of pleading guilty, and that any guilty plea would be knowing, intelligent, and voluntary. Nichols then pleaded guilty to all five counts of the indictment. The court continued the hearing pending a presentence investigation and a psychological examination.

The court reconvened on December 4, 2006. At that time, the court told Nichols that it had been mistaken when it told him during the plea colloquy that his potential sentence for attempted rape was two to eight years' imprisonment and that his actual potential sentence was a mandatory minimum of 10 years up to a maximum of 20

2

years.  The court offered Nichols an opportunity to withdraw his previous plea because of that misstatement.  Nichols declined to withdraw his plea and waived his right to appeal the error.  Nichols also agreed to his classification as a sexual predator after the court explained the implications of that classification.  However, at the hearing, Nichols learned that he could be charged with two probation violations connected with earlier cases in addition to the charges pending before the court.  These probation violations could have resulted in sentences of three years and five years, to be served consecutively.  Upon learning this, Nichols, instructed his attorney to withdraw the guilty pleas.  Defense counsel and the prosecutor indicated a need to discuss the matter with each other and with Nichols, and the court continued the hearing without taking further action.

The court reconvened on December 11, 2006.  Discussions between defense counsel, the prosecutor, and the probation department in the interim had resulted in an agreement that if the court sentenced Nichols to at least ten years' imprisonment on the charge of attempted rape, the probation department would not seek additional sentencing based on the probation violations.  For this reason, Nichols did not withdraw his guilty pleas. The court, therefore, sentenced Nichols  to 60 days, 30 days, and 30 days on counts one, two, and three, all misdemeanors, and to four years for aggravated burglary and ten years for attempted rape.  The misdemeanor sentences were to be served concurrently with the ten year sentence, but the sentences of four years and ten years were to be served consecutively.  The court then told Nichols that he had the right to appeal the consecutive sentences and that appellate counsel would be appointed if he could not afford one.  When Nichols's attorney objected to the consecutive

sentences, the court told Nichols that the ten-year total sentence to which Nichols and the prosecutor agreed would be inappropriate because it did not meet the needs of the community, was not consistent with Nichols's prior record and violation of community sanctions, and was not appropriate in light of the harm done to the victim. Finally, the court appointed appellate counsel.

Nichols did not timely file a notice of appeal of the December 11, 2006 judgment against him or his sentence. On January 28, 2011, Nichols moved in the state appellate court for leave to file a delayed appeal. The appellate court denied Nichols's motion on March 4, 2011.

On April 12, 2011, Nichols filed a notice of appeal to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Nichols asserted seven propositions of law:

> Proposition of Law No. I:
> Defendant has been denied his Sixth Amendment right to effective assistance of counsel where a court appoints counsel to file an appeal on behalf of defendant and counsel fails to file such appeal.
>
> Proposition of Law No. II:
> A defendant has been denied his constitutional rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment where he has been denied a right to appeal through no fault of his own.
>
> Proposition of Law No. III:
> A defendant has been denied due process of law when he is sentenced to a fourteen (14) year term of imprisonment after there was an agreement between counsel and the court that the sentence would not exceed ten (10) years.
>
> Proposition of Law No. IV:
> A defendant has been denied due process of law when the court fails to merge various offenses which arose during the same occurrence.
>
> Proposition of Law No. V:
> A defendant has been denied due process of law when he is sentenced to consecutive sentences when, under Ohio law the court was required to state a reason for imposing a consecutive sentence.

> Proposition of Law No. VI:
> It is unconstitutional to sentence a defendant based upon a plea of guilty when he suffers from a mental disability and is not totally aware of all of the proceedings so that he could enter a knowing, intelligent and voluntary plea.
>
> Proposition of Law No. VII:
> A defendant has been denied due process of law when the court refuses to vacate a plea of guilty based upon an agreed sentence where the court states it would not sentence Defendant as agreed.

On December June 8, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On September 16, 2011, Nichols filed in this court a petition for a federal writ of habeas corpus. Nichols raises five grounds for relief in his petition:

> GROUND ONE: Sixth and Fourteenth Amendment
>
> Supporting Facts: Petitioner was denied effective assistance of counsel where a court appointed counsel to file an appeal on behalf of petitioner and counsel failed to file such appeal.
>
> GROUND TWO: Fourteenth Amendment
>
> Supporting Facts: Petitioner was denied due process of law and equal protection of the law when he was denied his right to an appeal through no fault of his own where counsel failed to file an appeal.
>
> GROUND THREE: Fourteenth Amendment
>
> Supporting Facts: Petitioner was denied due process of law when he was sentenced to a fourteen (14) year term of imprisonment after he had agreed to his sentence between court and counsel that no sentence would exceed ten (10) years.
>
> GROUND FOUR: Fourteenth Amendment
>
> Supporting Facts: Petitioner was denied due process of law when the court failed to merge various offenses which arose during the same occurrence. Moreover petitioner was sentenced improperly and unconstitutionally to consecutive sentences and no reasoning was given by the court imposing a consecutive sentence.

> GROUND ONE: [sic]  Fourteenth Amendment
>
> Supporting Facts:  Petitioner was denied due process of law when he was permitted to enter a plea of guilty where he suffered from mental disability and could not be totally aware of all the proceedings entering [sic] his plea unknowing, unintelligent and involuntary.  Moreover, petitioner was denied due process of law when the court refused to vacate the plea of guilty where he did not receive the agreed sentence.

Respondent now moves to dismiss Nichols's petition as time barred.  Nichols opposes respondent's motion.

II

*A.  Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Nichols. Nichols filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Cuyahoga County is within this court's geographic jurisdiction.  This court has geographic jurisdiction over Nichols's petition.

*B.  Statute of Limitations*

Respondent argues that Nichols's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a

6

state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The trial court sentenced Nichols on December 11, 2006. Nichols had 30 days to file a timely notice of appeal. Ohio App. R. 4(A). On January 11, 2007, upon Nichols's failure to file an appeal, the statutory period for filing a timely petition for a federal writ of habeas corpus began to run. That period expired on January 10, 2008.

Nichols filed his petition for a writ of habeas corpus on September 16, 2011, more than three and a half years after expiration of the statutory period for filing a timely petition. Nichols's petition, therefore, is untimely.

Nichols asks that the court equitably toll the statutory period and consider the merits of his petition. Because The AEDPA's one-year statute of limitations is not jurisdictional, a court may equitably toll the running of the statutory period if the court decides that this is appropriate. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003). In deciding whether equitable tolling is appropriate, the court must consider five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Allen v. Yukins*, 366 F.3d 396, 401-02 (6th Cir. 2004) (quoting *Dunlap*, 250 F.3d at 1008). "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Allen*, 366 F.3d at 402 (quoting *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003)). "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen*, 366 F.3d at 402 (quoting *Vroman*, 346 F.3d at 605).

Nichols argues that the running of the statutory period should be equitably tolled because his state-appointed appellate counsel failed to file a timely direct appeal.[1] According to Nichols, he had no knowledge or constructive knowledge of a filing requirement for a direct appeal, was diligent in pursuing his rights, and remained ignorant of the requirements for filing a direct appeal. Moreover, Nichols adds, the state would not be prejudiced by the delay in filing a habeas petition. Finally, Nichols claims that he suffers from a psychological disorder which would justify equitable tolling.

These arguments are not well taken. Nichols was sentenced in two previous felony cases, as he was under community control in those cases at the time of his arrest and subject to sentences of three and five years for parole violations. He had experience with the criminal justice system. In addition, Nichols was not remotely

---

[1] Nichols simultaneously argues that his court-appointed attorney failed to file an appeal and that he did not know he had a right to an appeal. Given that the trial court explained to Nichols his appellate rights, explained the limited nature of those rights, and appointed appellate counsel at Nichols's sentencing hearing, Nichols's claim that he did not know that he had a right to an appeal is frivolous.

8

diligent in pursuing his rights, as he allowed three and a half years to lapse before filing a motion for a delayed appeal. Nichols gives no explanation for this extraordinary delay in protecting his rights. Finally, Nichols advances no evidence to support his claim that he suffers from a psychological disorder sufficient to justify equitable tolling. Given the complete absence of any factor that would justify equitable tolling, the issue of prejudice or lack of prejudice to respondent is irrelevant.

Nichols's petition is time barred, and there is no reason to equitably toll the statute of limitations. Respondent's motion to dismiss Nichols's petition should be granted.

III

For the reasons given above, respondent's motion to dismiss Nichols's petition should be GRANTED and Nichols's petition dismissed with prejudice.

Date: December 9, 2011                           /s/ Nancy A. Vecchiarelli
                                                 United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**