IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE NICHOLS, | ) | CASE NO. 1:11 CV 1950 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| BRIAN COOK, WARDEN, | ) | Magistrate Judge Vecchiarelli |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Vecchiarelli. (Docket #11.) On September 16, 2011, Petitioner, Eugene Nichols, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #1.) The Magistrate Judge recommends that the Petition be dismissed as untimely.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> The September 2006 term of the Cuyahoga County grand jury indicted Nichols on one count of public indecency, two counts of voyeurism, one count of aggravated burglary, and one count of attempted rape of a minor. Nichols eventually agreed to plead guilty to all the counts of the indictment.

At Nichols's plea hearing on October 24, 2006, the court determined that Nichols understood the nature of the proceeding, had not been threatened or been given improper promises, was not under the influence of any substance that would affect his judgment, and was satisfied with his attorney. The court also explained the trial rights that Nichols would be relinquishing by pleading guilty and the potential sentences for each of the counts of the indictment. However, in describing the potential sentences for attempted rape, the court mistakenly told Nichols that the potential sentence was two to eight years' imprisonment. The court also informed Nichols that the sentences for aggravated burglary and attempted rape could be imposed consecutively, that fines could be imposed, and that Nichols would be subject to community control upon release. The court told Nichols that there was no guarantee as to what sentence the court would impose. Nichols said that he understood what the court had told him. The court, therefore, found that Nichols had been informed of his rights, that he understood the nature of the charges and the potential results of pleading guilty, and that any guilty plea would be knowing, intelligent, and voluntary. Nichols then pleaded guilty to all five counts of the indictment. The court continued the hearing pending a presentence investigation and a psychological examination.

The court reconvened on December 4, 2006. At that time, the court told Nichols that it had been mistaken when it told him during the plea colloquy that his potential sentence for attempted rape was two to eight years' imprisonment and that his actual potential sentence was a mandatory minimum of 10 years up to a maximum of 20 years. The court offered Nichols an opportunity to withdraw his previous plea because of that misstatement. Nichols declined to withdraw his plea and waived his right to appeal the error. Nichols also agreed to his classification as a sexual predator after the court explained the implications of that classification. However, at the hearing, Nichols learned that he could be charged with two probation violations connected with earlier cases in addition to the charges pending before the court. These probation violations could have resulted in sentences of three years and five years, to be served consecutively. Upon learning this, Nichols, instructed his attorney to withdraw the guilty pleas. Defense counsel and the prosecutor indicated a need to discuss the matter with each other and with Nichols, and the court continued the hearing without taking further action.

The court reconvened on December 11, 2006. Discussions between defense counsel, the prosecutor, and the probation department in the interim had resulted in an agreement that if the court sentenced Nichols to at least ten years' imprisonment on the charge of attempted rape, the probation department would not seek additional sentencing based on the probation violations. For this reason, Nichols did not withdraw his guilty pleas. The court, therefore, sentenced Nichols to 60 days, 30 days, and 30 days on counts one, two, and three, all misdemeanors,

and to four years for aggravated burglary and ten years for attempted rape. The misdemeanor sentences were to be served concurrently with the ten year sentence, but the sentences of four years and ten years were to be served consecutively. The court then told Nichols that he had the right to appeal the consecutive sentences and that appellate counsel would be appointed if he could not afford one. When Nichols's attorney objected to the consecutive sentences, the court told Nichols that the ten-year total sentence to which Nichols and the prosecutor agreed would be inappropriate because it did not meet the needs of the community, was not consistent with Nichols's prior record and violation of community sanctions, and was not appropriate in light of the harm done to the victim. Finally, the court appointed appellate counsel.

Nichols did not timely file a notice of appeal of the December 11, 2006 judgment against him or his sentence. On January 28, 2011, Nichols moved in the state appellate court for leave to file a delayed appeal. The appellate court denied Nichols's motion on March 4, 2011.

On April 12, 2011, Nichols filed a notice of appeal to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Nichols asserted seven propositions of law:

> Proposition of Law No. I:
> Defendant has been denied his Sixth Amendment right to effective assistance of counsel where a court appoints counsel to file an appeal on behalf of defendant and counsel fails to file such appeal.
>
> Proposition of Law No. II:
> A defendant has been denied his constitutional rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment where he has been denied a right to appeal through no fault of his own.
>
> Proposition of Law No. III:
> A defendant has been denied due process of law when he is sentenced to a fourteen (14) year term of imprisonment after there was an agreement between counsel and the court that the sentence would not exceed ten (10) years.
>
> Proposition of Law No. IV:
> A defendant has been denied due process of law when the court fails to merge various offenses which arose during the same occurrence.
>
> Proposition of Law No. V:
> A defendant has been denied due process of law when he is sentenced to consecutive sentences when, under Ohio law the court was required to state a reason for imposing a consecutive sentence.

>Proposition of Law No. VI:
>It is unconstitutional to sentence a defendant based upon a plea of guilty when he suffers from a mental disability and is not totally aware of all of the proceedings so that he could enter a knowing, intelligent and voluntary plea.
>
>Proposition of Law No. VII:
>A defendant has been denied due process of law when the court refuses to vacate a plea of guilty based upon an agreed sentence where the court states it would not sentence Defendant as agreed.

On December June 8, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On September 16, 2011, Nichols filed in this court a petition for a federal writ of habeas corpus. Nichols raises five grounds for relief in his petition:

>GROUND ONE: Sixth and Fourteenth Amendment
>
>Supporting Facts: Petitioner was denied effective assistance of counsel where a court appointed counsel to file an appeal on behalf of petitioner and counsel failed to file such appeal.
>
>GROUND TWO: Fourteenth Amendment
>
>Supporting Facts: Petitioner was denied due process of law and equal protection of the law when he was denied his right to an appeal through no fault of his own where counsel failed to file an appeal.
>
>GROUND THREE: Fourteenth Amendment
>
>Supporting Facts: Petitioner was denied due process of law when he was sentenced to a fourteen (14) year term of imprisonment after he had agreed to his sentence between court and counsel that no sentence would exceed ten (10) years.
>
>GROUND FOUR: Fourteenth Amendment
>
>Supporting Facts: Petitioner was denied due process of law when the court failed to merge various offenses which arose during the same occurrence. Moreover petitioner

-4-

>was sentenced improperly and unconstitutionally to
>consecutive sentences and no reasoning was given
>by the court imposing a consecutive sentence.

On November 10, 2011, Respondent filed a Motion to Dismiss Petition as Time-Barred. (Docket #8.) On November 30, 2011, Petitioner filed his Opposition to Respondent's Motion to Dismiss. (Docket #9.) On December 2, 2011, Respondent filed Reply Brief. (Docket #10.)

The Magistrate Judge issued her Report and Recommendation on December 9, 2011. (Docket #11.) The Magistrate Judge recommends the Petition be dismissed as untimely, as it was filed well beyond the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244. The Magistrate Judge calculated the statutory period for filing a timely Petition for Federal Writ of Habeas Corpus expired on January 10, 2008. Petitioner filed his Petition September 16, 2011.

The Magistrate Judge found no basis upon which to equitably toll the statutory period, stating as follows:

>Nichols argues that the running of the statutory period should be equitably
>tolled because his state-appointed appellate counsel failed to file a timely direct
>appeal. According to Nichols, he had no knowledge or constructive knowledge of
>a filing requirement for a direct appeal, was diligent in pursuing his rights, and
>remained ignorant of the requirements for filing a direct appeal. Moreover,
>Nichols adds, the state would not be prejudiced by the delay in filing a habeas
>petition. Finally, Nichols claims that he suffers from a psychological disorder
>which would justify equitable tolling.
>
>These arguments are not well taken. Nichols was sentenced in two
>previous felony cases, as he was under community control in those cases at the
>time of his arrest and subject to sentences of three and five years for parole
>violations. He had experience with the criminal justice system. In addition,
>Nichols was not remotely diligent in pursuing his rights, as he allowed three and a
>half years to lapse before filing a motion for a delayed appeal. Nichols gives no
>explanation for this extraordinary delay in protecting his rights. Finally, Nichols
>advances no evidence to support his claim that he suffers from a psychological

> disorder sufficient to justify equitable tolling. Given the complete absence of any factor that would justify equitable tolling, the issue of prejudice or lack of prejudice to respondent is irrelevant.

Report and Recommendation (Docket #11) at pp. 8-9.

On December 23, 2011, Petitioner filed his Objections and Exceptions to Report and Recommendation of the Magistrate Judge. (Docket #12.) Petitioner reiterates the arguments presented to the Magistrate Judge. Petitioner argues that the failure to file an appeal should be attributed to his attorney, not Petitioner. Therefore, Petitioner argues that the statutory time period began to run on June 8, 2011, when the Ohio Supreme Court declined to accept his request to file a delayed appeal.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, considering the Objections of Petitioner. The Magistrate Judge thoroughly examined the factual and procedural history of this case. The Court does not find the objections raised by Petitioner, which merely reiterate arguments raised before the Magistrate Judge, to be persuasive. Petitioner waited over three years after sentencing to file his motion for leave to file a delayed appeal with the State Appellate Court. As succinctly expressed by the Magistrate Judge, there is no basis

upon which to excuse his delay and no basis upon which to equitably toll the statute of limitations.

After careful evaluation of the Record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court ADOPTS the Report and Recommendation of the Magistrate Judge (Docket #11) in its entirety. Respondent's Motion to Dismiss the Habeas Petition as Time-Barred (Docket # 8) is GRANTED. The Petition for Writ of Habeas Corpus (Docket #1) is DISMISSED WITH PREJUDICE.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 21, 2012